UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PLAINTIFF<br>    Lydia Faniel,<br><br>v.<br><br>DEFENDANT<br>    PAFY, Inc. and Sharon<br>    Gauthier. | No. 3:20-cv-00387 (VLB)<br><br>May 4, 2022 |

## ORDER ON REPORT AND RECOMMENDATION

Before the Court is Magistrate Judge Timothy O. Farrish's Report and Recommendation on the parties' proposed settlement agreement. On March 23, 2020, Plaintiff Lydia Faniel filed this putative class action suit on behalf of other similarly situated Home Health Aides ("Aides") under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the Connecticut Minimum Wage Act ("CMWA"), Conn. Gen. Stat. §§ 31-68 *et seq.*, alleging her employer, Defendant PAFY, Inc., and its owner, Defendant Sharon Gauthier, failed to accurately record hours worked, permit breaks, or pay her and other Aides overtime. In July 2020, upon the parties' request, the Court referred the parties to a magistrate judge for early settlement.

From Summer 2020 through the present, Judge Farrish has patiently overseen a complicated settlement process. Due to the parties' requested continuances, the settlement conference did not take place until February 2021. Meanwhile, the parties requested multiple modifications of the Court's Scheduling Order. It was not until July 30, 2021 (exactly one year after the referral), that the

1

parties reported a settlement. The Court referred the case to Judge Farrish to issue a recommended ruling on the parties' proposed FLSA settlement. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) (requiring court approval of FLSA stipulated dismissals). Judge Farrish first did not approve of the parties' proposed settlement agreement, which led to the filing of a revised settlement agreement. Based on the revisions, Judge Farrish issued a recommended ruling, accepting most of the provisions but finding the attorneys' fees unreasonable. The Law Office of Nitor V. Egbarin ("Egbarin Firm"), which is one of two law firms representing the plaintiffs, timely objected.

For the following reasons, the Court ACCEPTS Judge Farrish's Report and Recommendation.

I. <u>**Legal Standard**</u>

The FLSA prohibits parties from entering into private settlement agreements without court approval. *See Fisher v. SD Protection Inc*, 948 F.3d 593, 599-600 (2d Cir. 2020). A proposed settlement agreement, including agreed-upon attorneys' fees and costs, must be fair and reasonable. *See id.* at 600, 606. Upon determining the fairness of a proposed settlement agreement, a district court has three options: "(1) accept the proposed settlement; (2) reject the proposed settlement and delay proceedings to see if a different settlement can be achieved; or (3) proceed with litigation." *Id.*, at 606. A district court may not adjust, revise, or rewrite the agreement. *See id.*

Rule 72 of the Federal Rules of Civil Procedure authorizes the district court to refer a motion to a magistrate judge for a recommended ruling. *See* Fed. R. Civ.

P. 72(b)(1).  Once the magistrate judge issues the recommended ruling, the parties have 14 days to object.  *See id.* at 72(b)(2).  For all proper objections, the district judge must review that portion of the magistrate judge's recommended ruling *de novo*.  *See id.*  "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*  For matters that did not lead to an objection, the Court may adopt the recommended ruling so long as there is no clear error.  *See* Fed. R. Civ. P. 72 advisory committee notes (1983) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

II.     Discussion

As Judge Farrish explained in his recommended ruling, the settlement agreement presently before the Court is the result of arms-length negotiations that took place from 2020 through 2021, the parties' initial settlement agreement, Judge Farrish's rejection of that initial agreement, and the parties' subsequent revisions.  *See* Dkt. 90 (R&R) at 5-10.  The parties filed the revised settlement agreement, which is the subject of this order, on December 17, 2021.  *See* Dkt. 85 (Revised Settlement Agreement).

Judge Farrish issued his recommended ruling on February 14, 2022.  *See* Dkt. 89.  In relevant part, Judge Farrish found the settlement agreement fair and reasonable with one exception: the fact that $50,000 out of the $100,000 settlement would be paid to the plaintiffs' two law firms, the Egbarin Firm and ("Hayber Firm") and the Egbarin Firm.  According to plaintiffs' counsel, the $50,000 fee was

3

calculated by a "discounted lodestar rate," i.e. the firms' lodestars of $29,793.75 (Hayber Firm) and $29,707.50 (Egbarin Firm) subsequently reduced to $50,000. Judge Farrish found this calculation unreasonable and instead utilized the Second Circuit's lodestar method to calculate a reasonable fee of $33,066.00. *See* Dkt. 90 at 27. The Court assumes familiarity with Judge Farrish's analysis. *See id.*

The parties had an opportunity to object to Judge Farrish's recommended ruling. Only the Egbarin Firm chose to do so, and it limited the objection to Judge Farrish's calculations of Attorney Egbarin's reasonable hourly rate. *See* Dkt. 90 at 29 (citing Fed. R. Civ. P. 72(b)(2); D. Conn. L. Civ. Ri. 72.2(a)). The Egbarin Firm argues that Attorney Egbarin, who is a solo practitioner purportedly specializing in FLSA matters, is entitled to a reasonable hourly rate of $375 instead of the hourly rate of $175 that Judge Farrish assigned him.

    A. *The Sole Objection: Attorney Egbarin's Reasonable Hourly Rate*

When using the lodestar method to determine a reasonable attorney fee, the Court must consider a) the reasonable hourly rate and b) the reasonable number of hours billed. *See Hensley v. Eckerhart*, 461 U.S. 424 (1983); *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. Albany & Albany Cnty. Bd. Elections*, 522 F.3d 182 (2d Cir. 2008). Attorney Egbarin only objects to Judge Farrish's determination of a) the reasonable hourly rate.

As an initial matter, the Court finds Judge Farrish correctly applied the Second Circuit's lodestar method. A reasonable hourly rate is typically derived, in relevant part, from the prevailing hourly rate of the district. *See generally Arbor Hill*, 522 F.3d at 183. Judge Farrish determined the following prevailing rates to be reasonable here: (a) between $350 and $400 for partners; (b) between $125 and

$225 for associates and "other less-experienced attorneys"; and (c) $140 for paralegals. Dkt. 90 at 20-22. Neither firm has objected to Judge Farrish's determination of the district's prevailing rate. While this Court has found some recent cases awarding higher hourly rates, the Court determines that Judge Farrish's prevailing rates are commonly accepted by judges and have been for more than a decade.[1] Accordingly, Judge Farrish's hourly rate range for this case—one that was particularly acrimonious but settled relatively early—is reasonable and there is no clear error.

The Egbarin Firm objects to Judge Farrish's determination that Attorney Egbarin is only entitled to a $175 hourly rate, the equivalent of a fifth-year associate. Judge Farrish made this determination for several reasons, all of which are well-founded. First, Attorney Egbarin provided no evidence about his qualifications or experience in anticipation of the recommended ruling, even though Judge Farrish permitted counsel to do so. *See* Dkts. 76 (Text Order) ("Plaintiff's counsel expressed an interest in providing the Court with a supplemental submission on the attorneys' fee issue…. Their request for leave to do so is granted, and they are directed to file their supplemental submissions by

---

[1] Legal fees do not just cover the lawyer's salary—they cover staff salaries, employment benefits, membership and court fees, and myriad overhead expenses to keep a firm afloat. Based on the U.S. Bureau of Labor Statistics' Consumer Price Index Inflation Calculator, hourly rates that were satisfactory a decade ago should be adjusted to have the equivalent buying power today, as that is what the market requires. Because the parties do not object to the prevailing rates, the Court's review is for clear error. Judge Farrish has not erred in choosing a rate that prevails among this district. The Court notes one recent case involving the Hayber Firm, *Black v. New England Computer Servs., Inc.*, No. 3:18-cv-2101 (JAM), 2022 WL 702504, at *7 (D. Conn. Mar. 9, 2022), awarded a partner specializing in civil rights litigation a range of $400 to $450 per hour. But *Black* went all the way to a jury trial—a far different scenario than this case, which has settled before depositions.

5

November 22, 2021.") & 90 at 24.  Second, despite Attorney Egbarin passing the Connecticut Bar in 1987, publicly available documents indicate Attorney Egbarin was suspended from practicing law from November 2001 to June 2013.  *See id.*  Third, Attorney Egbarin only began taking on FLSA cases in federal court in 2019 and obtained co-counsel from the Hayber Firm in three of his 11 federal FLSA cases.  *See id.*  Fourth, Judge Farrish found no other legal basis to award an hourly rate higher than that of an attorney who has practiced for five years.  *See id.*

According to the Egbarin Firm's objection, Attorney Egbarin is entitled to an hourly rate of $375 because he "litigated and settled more than 200 civil rights, employment and personal injury cases" from 1987 to 1999 and has "handled more than 100 cases" since 2013.  In support of his position, he provided the Court with his curriculum vitae that includes a list of his state and federal FLSA cases since 2019 (*see* Dkt. 93-1 (Obj'n Ex. 1, CV)); a Westlaw Litigation Analytics chart showing 130 court filings related to him, including cases in which he is a party and multiple filings for the same case (*see* Dkt. 93-2 (Obj'n Ex. 2, Westlaw Chart)); and an arbitration decision awarding him an hourly rate of $400 (*see* Dkt. 93-3 (Obj'n Ex. 3, AAA Award)).

After reviewing Judge Farrish's recommended ruling, Attorney Egbarin's objection, and publicly available information, the Court finds that a $175 hourly rate—consistent with a fifth-year associate—is reasonable under the circumstances.[2]  In addition to Judge Farrish's analysis, which is compelling and

---

[2] The Court assessed publicly available information due to the relatively sparse evidence submitted by the Egbarin Firm.  To the extent the Egbarin Firm might contemplate filing evidence after this decision is rendered, the public information makes clear that reconsideration would not be availing.

6

well-reasoned, the Court offers the following reasons for applying a $175 hourly rate:

**First**, three attorneys from two different law firms actively worked on this relatively small, eight-person putative class action case. Based on the Firms' invoices, it appears that the Egbarin Firm obtained the client in February 2020 and the following month entered in a co-counsel fee agreement with the Hayber Firm. (*See* Dkts. 77-1 (Hayber Firm Invoice) & 77-2 (Egbarin Firm Invoice).) Attorney Egbarin's first began litigating FLSA cases in 2019, and the first six filings involved individuals. Four out of six of those cases—all of which were filed on the same day—were ultimately consolidated into the same case, suggesting that Attorney Egbarin could have brought the case as a class action but did not. After this consolidation, Attorney Egbarin began to file FLSA class actions, the first three of which he filed with the Hayber Firm as co-counsel, including the instant case. This filing history suggests Attorney Egbarin was unfamiliar with litigating FLSA suits, let alone class action suits, in federal court. Indeed, he has not yet litigated a federal FLSA class action suit through judgment nor has he tried any FLSA cases at all.[3]

**Second**, the tasks Attorney Egbarin performed is reflective of senior associate experience. By way of summary only, the Firms split the workload as follows: (1) they collaborated equally on the Complaint, legal research (splitting it

---

[3] The Court recognizes Attorney Egbarin filed approximately 30 state court actions since his reinstatement, and at least seven of those were removed to federal court. *See* Superior Court Case Look-up, available at https://civilinquiry.jud.ct.gov/AttyCaseListSearch.aspx. Assuming that Attorney Egbarin has actually "handled more than 100 cases" since his reinstatement, as he represents, most of his cases are resolved outside of litigation. When litigation is required, his filings suggest he prefers to litigate in state court.

based on task), discovery requests, the settlement conferences; (2) the Hayber Firm handled the majority of filings, negotiations, the 26(f) report, scheduling order management, plaintiffs' payroll and other document review, damages calculations, drafting legal letters, preparing for settlement conferences; and (3) the Egbarin Firm handled the majority of client management, discovery responses, drafting the motion for sanctions / to compel class list, and revising the settlement agreement. (*See id.*)  All three attorneys attended the settlement conference.  The bulk of Attorney Egbarin's work—client and witness management, discovery (including discovery-related motion practice), and collaborating with the other attorneys—is consistent with senior associate-level experience.  *See* Dkt. 77-2.  Indeed, it is not uncommon for senior associates to bring in their own clients and finalize settlement agreements, as Attorney Egbarin has done.  *See id.*  Partner-level tasks like negotiations, communicating with the court, and high-level legal strategy including settlement preparation were left to the Hayber Firm.  *See* Dkt. 77-1.

<u>Third</u>, Attorney Egbarin provided the Court with an arbitration award granting him a $400 hourly rate, but this does not tell the whole story.  Attorney Egbarin sought $62,040, the equivalent of 128.08 hours at the hourly rate of $500.  *See* Dkt. 93-3 at 2 of 8.  The arbitrator reduced Attorney Egbarin's hourly rate to $400 and discounted the award by 75% to $12,808.  *See id.* at 5-6 of 8.  At the end of the day, Attorney Egbarin was paid $100 per hour for the 128.08 hours worked.

### B.    *All Other Settlement Agreement Provisions*

The parties do not dispute Judge Farrish's recommended ruling on any other aspect of the settlement agreement.  The Court has reviewed Judge Farrish's legal

reasoning and finds there is no clear error. Accordingly, the Court accepts Judge Farrish's recommended ruling.

III. Conclusion

The Court ACCEPTS Judge Farrish's recommended ruling, finding all settlement agreement provisions reasonable except the $50,000 attorneys' fees award, which is unreasonable. To effectuate the purpose of the FLSA (and as Judge Farrish recommends), reducing the attorneys' fees from $50,000 to $33,066 and reallocating the $16,934 difference to the plaintiffs would be fair and reasonable. Because the Second Circuit does not permit the court to rewrite a proposed FLSA settlement agreement, the Court rejects the proposed settlement and gives the parties 35 days to determine whether they can achieve a settlement that is reasonable. On or before June 8, 2022, the parties must either:

a) File a second revised settlement agreement that comports with this decision; or

b) File a status report indicating the parties wish to proceed with litigation.

IT IS SO ORDERED

Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: May 4, 2022