## THIRD REVISED SETTLEMENT AGREEMENT, RELEASE, AND CONFIDENTIALIATY AGREEMENT

**THIS SETTLEMENT AGREEMENT, RELEASE, AND CONFIDENTIALITY AGREEMENT** (the "Settlement Agreement" or "Agreement") is made between Patient Advocate for You, a/k/a PAFY, Inc. ("PAFY" or the "Company") and Sharon Gauthier ("Ms. Gauthier") on the one hand, and Lydia Faniel ("Ms. Faniel") and seven other individuals on the other hand (Esi Blankson, Cherolle Brown, Veronica Cubagee, Hazel Graveney, Yvonne Otchere-Amponsah, a/k/a Yvonne Orchere, Andrea Watson, and Renee Williams) (with Ms. Faniel, the "Plaintiffs"). Together, PAFY, Ms. Gauthier, and the Plaintiffs are referred to herein as the "Parties." PAFY and Ms. Gauther together are referred to herein as the "PAFY Defendants."

**WHEREAS**, Ms. Faniel is a former employee of PAFY; and

**WHEREAS**, the Plaintiffs are either current or former employees of PAFY; and

**WHEREAS**, on or about March 23, 2020, Ms. Faniel commenced an action captioned *Lydia Faniel, and all others similarly situated v. PAFY, Inc. and Sharon Gauthier*, Civ. Action No. 3:20-cv-00387-VLB (the "Litigation"), which is currently pending against PAFY and Ms. Gauthier in the United States District Court for the District of Connecticut. In the Litigation, Ms. Faniel alleges that she and other similarly situated current and former employees of PAFY were not properly paid overtime premiums for hours worked, failed to accurately record all hours worked, and worked hours for which they were not paid. On behalf of herself and others similarly situated, Ms. Faniel alleges that PAFY and Ms. Gauthier violated state and federal wage and hour laws, and they claim damages for the alleged violations, including lost wages, double damages, and attorneys' fees; and

**WHEREAS**, PAFY and Ms. Gauthier do not admit any liability in the Litigation and in fact adamantly deny that the Plaintiffs or any other employees were denied wages for hours worked, denied overtime, or were instructed or encouraged not to record all their hours worked; and

**WHEREAS**, no class has been certified in the Litigation, nor has Ms. Faniel filed a motion for conditional certification or a motion for order of conditional certification; and

**WHEREAS**, each of the Plaintiffs is either the original Named Plaintiff or has filed a consent to join the Litigation; and

**WHEREAS**, Ms. Faniel and the Plaintiffs on the one hand, and PAFY and Ms. Gauthier on the other hand, wish to resolve the disputes among them related to the Litigation.

**NOW, THEREFORE**, in consideration for the mutual promises and covenants contained herein, the Parties, with the intent to be legally bound, and for good and valuable consideration, the sufficiency and receipt of which they acknowledge, agree as follows:

1.    <u>**Court Approval of the Settlement**</u>.  The Parties will jointly move for approval of this Settlement Agreement by the United States District Court for the District of Connecticut.  The Parties agree that a copy of this Settlement Agreement will be provided to the Court under seal for *in camera* review.  The promises and covenants in this Agreement are contingent on the approval of the Settlement Agreement by the Court, which is a condition precedent to any and all legal obligations under the Settlement Agreement.

2.    <u>**Amendment of the Complaint**</u>.  Upon execution of this Settlement Agreement, the Plaintiffs agree to immediately execute the "Stipulation and Order of Dismissal With Prejudice" in the form attached hereto as Exhibit A and amend the Complaint to eliminate all class and collective action allegations and state only individual claims.  The Stipulation for Order of Dismissal With Prejudice will be provided to the Court along with the Plaintiffs' Motion to Amend Complaint.  After this amendment, the Complaint will reflect only individual claims by the Plaintiffs.

3.    <u>**Payments.**</u>  The payments described in this paragraph are consideration for the Plaintiffs' promises, covenants and releases set forth in this Settlement Agreement, and are contingent upon (i) Ms. Faniel's and all of the Plaintiffs' executions and delivery of this Settlement Agreement to Lori Alexander at <u>lalexander@littler.com</u> and by mail at Littler Mendelson, P.C. 265 Church Street, Suite 300, New Haven, CT 06510 no later than the close of business on the date which is 21 days after receiving this Agreement (the "Due Date"), (ii) the Plaintiffs' compliance with all the terms and conditions of this Settlement Agreement, (iii) receipt of completed IRS Forms W-9 or W-4 forms from each of the Plaintiffs and their counsel, and (iv) Court approval of the settlement and dismissal of the Litigation with prejudice.  All of the aforementioned occurrences are express, material conditions precedent to payment of any amounts under this Agreement, and all must take place prior to the payment of any of the amounts described in this paragraph.

a.    For each payment of $25,000 (Twenty-Five Thousand Dollars) described below, payments shall be allocated and paid as follows, minus all applicable state and federal withholding taxes:

| | |
|---|---|
| Lydia Faniel: | $5,348.02 |
| Esi Blankson: | 3,090.68 |
| Cherolle Brown: | 1,311.91 |
| Veronica Cubagee: | 886.87 |
| Hazel Graveney: | 120.48 |
| Yvonne Otchere-Amponsah: | 2.441.42 |
| Andrea Watson: | 2,322.61 |
| Renee Williams: | 1,211.51 |
| | |
| Plaintiffs' Total: | **$16,733.50, minus applicable withholding taxes** |
| | |
| Nitor Egbarin: | $2,813.12 |
| The Hayber Law Firm: | $5,453.38 |
| | |
| Attorneys' Total: | **$ 8,266.50** |

PAFY and Ms. Gauthier shall mail all of the above payments payable to the Plaintiffs to the Law Office of Nitor V. Egbarin, LLC, 100 Pearl Street,14th Floor, Hartford, CT 06103-3007, who in turn will mail each of the Plaintiff's checks as follows:



Lydia Faniel at 4⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛8
Esi Blankson at 1⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛
Cherolle Brown at 4⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛
Veronica Cubagee at ⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛
Hazel Graveney at ⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛
Yvonne Otchere-Amponsah, a/k/a Yvonne Orchere at ⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛,
Connecticut 06066⬛
Andrea Watson at ⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛
Renee Williams at 2⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛

PAFY and Ms. Gauthier shall mail the attorneys' fee payments to Nitor V. Egbarin, at the Law Office of Nitor V. Egbarin, LLC, 100 Pearl Street,14th Floor, Hartford, CT 06103-3007 and to The Hayber Law Firm at Hayber, McKenna & Dinsmore, LLC, 750 Main Street, Suite 904, Hartford, CT 06103, respectively. PAFY's and Ms. Gauthier's obligations to pay the settlement proceeds under this Agreement shall cease upon mailing the checks payable to the Plaintiffs and Mr. Egbarin to Mr. Egbarin, and upon mailing the checks payable to The Hayber Law Firm to Hayber, McKenna & Dinsmore, LLC.

           b.     In consideration for the covenants and promises in this Agreement, PAFY and Ms. Gauthier will make an initial payment in the total gross amount of $25,000 (Twenty-Five Thousand Dollars) allocated to the individuals as described above by November 30, 2022, or 60 days after execution of this Agreement by all parties and approval by the Court, whichever is later; an additional gross amount of $25,000 (Twenty-Five Thousand Dollars) by November 30, 2023; an additional gross amount of $25,000 (Twenty-Five Thousand Dollars) by November 30, 2024; and an additional gross amount of $25,000 (Twenty-Five Thousand Dollars) by November 30, 2025, for a total amount of payments of $100,000 (One Hundred Thousand Dollars) by November 30, 2025. The allocations of all the payments among the Plaintiffs and their counsel, and the procedure for making the payments will be the same as the initial payment described in Paragraph 3(a) above.

        4.     **Full Payment.** The Plaintiffs agree and affirm that the payments described above shall constitute the entire amount of consideration provided to them and their legal counsel in connection with all claims, including but not limited to claims under the Fair Labor Standards Act ("FLSA"), in the Litigation. This consideration shall include compensation for alleged damages to the Plaintiffs and for any and all harm that they may have suffered because of any alleged acts or omissions of any of the PAFY Releasees as claimed in the Litigation relating to any FLSA or Connecticut state law wage-and-hour claims, including without limitation claims for unpaid wages or overtime pay under state or federal law. The Plaintiffs agree that the payments to be made hereunder include settlement of any claims for attorneys' fees, costs, interest, penalties, and/or other expenses, and they shall not be entitled to payment or reimbursement for any attorneys' fees other than those explicitly described in this Agreement.

5.    <u>Acknowledgements; Good and Adequate Consideration.</u>

The Plaintiffs acknowledge and agree that, with the payments described herein, they have received all compensation, salary, bonuses, paid time off, severance, equity awards, interests and incentives, and any other payments and benefits owed to them by the PAFY Releasees and/or any of their parents, subsidiaries, affiliates and related entities.  They further agree that with the payments described in this Settlement Agreement, they have no claims against the PAFY Releasees for wages or compensation, including without limitation unpaid salary, bonuses, paid time off, severance, awards, interests, incentives or other benefits.

The Plaintiffs acknowledge and agree that they would not be entitled to the consideration provided in this Settlement Agreement without their timely agreement to and compliance with this Agreement.  They further acknowledge that the payments to be provided pursuant to the terms and conditions of this Settlement Agreement, and the other things of value provided to them hereunder (i) are in full and final discharge of any and all liabilities and obligations of the Defendants and any and all of the other PAFY Releasees to the Plaintiffs for wage payments or with respect to employee benefits or otherwise (including but not limited to with respect to severance or separation pay, salary, bonuses, incentive compensation, and otherwise, and any and all obligations arising under any actual or alleged written, oral or implied employment agreement, promise, policy, plan, contract, or procedure of PAFY; (ii) exceed any payment, benefit, or other thing of value to which the Plaintiffs might otherwise be entitled under any policy, procedure or plan of PAFY or any of the other PAFY Releasees and/or any other agreement or understanding between them and PAFY or any of the other PAFY Releasees; and (iii) constitute good and valuable consideration for the Plaintiffs' releases, covenants and obligations under this Settlement Agreement.

6.    <u>Waiver and Release of Claims.</u>

The Plaintiffs, on their own behalf and on behalf of their respective descendants, dependents, heirs, executors, administrators, successors, and assigns, fully and finally release and discharge PAFY, Sharon Gauthier, Fred Gauthier, and any of PAFY's past, present and future parents, subsidiaries, affiliates, and related entities, and any and all of its and their past present and future directors, officers, members, shareholders, owners, investors, founders, principals, executives, employees, contractors, attorneys, representatives, insurers, and agents, and its and their respective predecessors, successors, and assigns (individually and collectively, the "PAFY Releasees"), in their personal, individual, official, and/or corporate capacities, of and from any and all actions, causes of action, suits, debts, dues, sums of money, damages, judgments, executions, claims and demands whatsoever, in law or equity, which they ever had, now have, or which they or their heirs, executors, administrators, successors and assigns (collectively, the "Releasors") hereafter will, can or may have, whether now known or unknown, whether contingent or non-contingent, whether specifically asserted or not, arising out of or in any way connected with Ms. Faniel's and the Plaintiffs' claims that they were denied wages of any type or kind, including overtime and straight time under both Connecticut and federal law, as of the date the District Court enters an order approving this Agreement.  These released claims include, but are not limited to, all claims related to the payment of wages, including, but not limited to, claims under the Fair Labor Standards Act; the Employee Retirement Income Security Act; the Connecticut Minimum Wage Statute; Conn. Gen. Stat. Title 31, Chapter 58; the Connecticut Meal Periods Law; and other

federal, state, and local common and statutory laws, ordinances, decisions, rules, and regulations regarding wage and hour requirements or payment of wages. Such claims that are released by this Agreement, by way of example and not limitation, include claims for unpaid minimum wages, overtime premiums, commissions, improper deductions, travel time, tips, uniforms, call-in pay, bonuses, expenses, reimbursements and gratuities earned during their employment with PAFY and any other compensation or wages, liquidated damages, compensatory damages, punitive damages, penalties, interest, attorneys' fees, and/or costs related to the non-payment of wages or benefits or any of the claims filed in the Litigation. Ms. Faniel and all the Plaintiffs agree to release and discharge the PAFY Releasees from all such claims which they have made or could make on their own behalf, and also waive any right to become, and promise not to become, a member of any class or collective group in any proceeding or action in which a claim or claims related to their compensation against any releasee arises, in whole or in part, from any event which occurred prior to the date the Court approves the Agreement.

Except as provided in Paragraphs 7 and 19, the Plaintiffs covenant and agree not to file a lawsuit or commence any other legal proceeding against the PAFY Releasees concerning any matter released by this Agreement.

7.    **Non-Interference**.  Nothing in this Agreement will interfere with the Plaintiffs' right to file a charge or cooperate or participate in an investigation or proceeding conducted by any federal or state regulatory or law enforcement agency. However, the consideration provided to the Plaintiffs in this Agreement is the sole relief they are entitled to for the claims that are released herein, and they will not be entitled to recover, and agree to waive any recovery, from the PAFY Releasees or any releasee in connection with any agency action related to a released claim, without regard to who has brought such claim.

8.    **Bona Fide Dispute**.  This Settlement Agreement is in settlement of disputed claims. The Parties agree that there is a bona fide dispute as to whether the Plaintiffs could prevail on the merits of their FLSA and other wage claims and that the amounts being paid to them is a fair and reasonable resolution to this bona fide dispute.

9.    **No Transfer of Claims**.  The Plaintiffs represent that they have not transferred or assigned to any person, firm, corporation, association, or entity any released claims. They agree to indemnify and hold PAFY and Ms. Gauthier harmless against all demands, claims, debts, obligations, liabilities, causes of action, judgments, attorneys' fees, and expenses based on or arising out of any such assignment of transfer. The Plaintiffs further represent that there is nothing that would prohibit them from entering into this Agreement.

10.    **Limitations on Solicitations by Counsel**.  The Plaintiffs and their counsel agree to discontinue all social media efforts that are intended to solicit or encourage current or former PAFY employees to pursue wage claims against PAFY and/or Ms. Gauthier. Plaintiffs' counsel will immediately remove any descriptions of this case, solicitations for class members, and any related information from the websites of the Hayber Law Firm, the firm of Hayber, McKenna & Dinsmoor, LLC, and Nitor Egbarin. This paragraph is effective for a period of three years after the date this Settlement Agreement is fully executed and approved by the Court. In exchange for the promises in this paragraph, the Plaintiffs' counsel will receive a designated portion of the

payments referred to in this Agreement. Counsel for the Plaintiffs acknowledge that the promises in this paragraph are fully enforceable in the courts.

11. **Payment of Applicable Taxes**. The Plaintiffs will be solely responsible for all federal, state, and local taxes that may be owed by them due to the receipt of the monetary payments described in this Agreement. The Plaintiffs agree to indemnify and hold the PAFY Releasees harmless from all liability, including without limitation, all penalties, interest, and other costs that may be imposed by the Internal Revenue Service or any other entity regarding any tax obligations arising from the monetary payments to the Plaintiffs under this Agreement.

12. **Confidentiality and Non-Disclosure.** The Plaintiffs will not disclose the terms of this Settlement Agreement, the circumstances and facts giving rise to this Agreement, or the existence of any claim that they each have, or may have, that is subject to the release of claims herein, to clients of PAFY, other third parties, or the press or media, nor will they post such information on any social media platforms or disclose it to anyone other than their immediate families, attorneys, and tax and financial advisors or pursuant to court order or subpoena, or as required by law. The Plaintiffs agree to immediately notify PAFY in c/o Sharon Gauthier, Geriatric Care Manager, PAFY, 30 Tower Lane, Avon, CT 06001, and by email at sharon@ptadvocate4u.com, upon receipt of any court order or subpoena to disclose such information. Should the Plaintiffs disclose information about this Agreement to their immediate families, attorneys other than the attorneys who represent them in this action, and/or tax and financial advisors, the Plaintiffs will advise such persons that they must maintain the confidentiality of such information and must not disclose it unless required by law. If asked about this litigation, the Plaintiffs will respond by saying only that "the case has been resolved." Nothing in this paragraph, or elsewhere in this Agreement or any other agreement or understanding between the Parties, is intended to prevent or prohibit Plaintiffs from making truthful statements about their experience litigating the Action.

Counsel for the Plaintiffs agree not to disclose the terms of this Settlement Agreement to anyone except as required by law. Plaintiffs' counsel also agree to immediately notify PAFY's counsel at the contact information listed above if any of the Plaintiffs receive a request to disclose information related to this Agreement, in order to permit PAFY to object to such request. Other than responding to an inquiry from a Court, if asked about this litigation, counsel for the Plaintiffs will respond by saying only that "the case has been resolved."

13. **Confidential Information.** The Plaintiffs acknowledge, understand and agree that they have been employed with PAFY in a position of trust and confidence and that, in the course of their employment with PAFY, they were provided with, learned, developed on PAFY's behalf, and had access to information concerning PAFY and its parents, subsidiaries, affiliates and related entities, and its and their businesses, customers, clients, sales, methods, business relationships, plans, technology, trade secrets, human resources (including without limitation information about the backgrounds, skills, and compensation of its employees), and/or financial, business and/or legal affairs which PAFY has not released to the general public, is not generally known to the public or in the industry, has been developed by PAFY at great expense, is a valuable competitive asset of PAFY, constitutes a "trade secret" under applicable law and/or the disclosure of which or use of which (other than for the benefit of PAFY) would result in a competitive disadvantage to PAFY or otherwise could negatively affect PAFY (collectively, "Confidential Information"). The

Plaintiffs further acknowledge, understand, and agree that all Confidential Information (and all materials that constitute, comprise or contain such information) is and will be the exclusive property of PAFY. By way of illustration, and not limitation, Confidential Information includes such information and materials regarding or constituting: (i) *corporate, legal and financial information,* including plans, strategies, developments, methods, policies, resolutions, negotiations, contracts, litigations, claims, performance data, debt arrangements, equity structure, investors and holdings, and purchasing, pricing and sales data; (ii) *customer, client, and sales information,* including prices, terms and conditions of PAFY's arrangements or contracts with its clients and customers, the identities, needs, preferences and requirements of PAFY's clients and customers and their use of PAFY's products and/or services, the nature, extent and particulars of the business dealings between PAFY and its clients and customers, customer and client lists and contact information, and any other information provided to PAFY by its clients or customers under obligation of confidentiality; (iii) *marketing and performance information,* including strategies, methods, pricing policies and price lists, cost and performance data, financial results, planning data, customer, client, merchant and prospect contacts, lists and preferences, referral sources and information, distributor, vendor and supplier lists, contacts and preferences, and market or sales analyses, projections, reports, or forecasts; (iv) *operational, technological, product, service and systems information,* including logins, passwords, passcodes, plans, specifications, manuals, forms, templates, software, source code, object code, designs, research, developments, methods, procedures, formulas, discoveries, inventions, improvements, intellectual property, innovations, concepts, ideas, and system, product and/or service specifications, features, advantages, disadvantages and/or limitations; and (v) *personnel information,* including personnel lists, reporting or organizational structure, resumes, personnel data, employee backgrounds, skills, and experience, compensation structure, employee salaries and other earnings, performance evaluations and termination arrangements or documents. Confidential Information also includes information received in confidence by PAFY from its clients or customers, suppliers, distributors, vendors or other third parties. Confidential Information shall not include any (a) information known generally to the public (other than as a result of unauthorized disclosure by the Plaintiffs), (b) information that became available from a third party source and such source is not bound by a confidentiality agreement, (c) any information not otherwise considered by PAFY to be Confidential Information; or (d) any information any of the Plaintiffs brought to PAFY prior to their employment with PAFY.

        a.    **Non-Disclosure.** The Plaintiffs agree that at all times they will not use, transmit, upload or download to any storage medium, or disclose (or permit or facilitate anyone else to use) any such Confidential Information for any purpose or for the benefit of themselves or any other third party, person or entity, unless otherwise authorized with the prior written consent of PAFY or unless the disclosure is required by law or compulsory legal process. The Plaintiffs also reaffirm any and all obligations to protect the security of and not discuss or disclose such Confidential Information (including pursuant to any and all applicable PAFY policies, or under applicable law). The Plaintiffs understand and agree that their ongoing compliance with the obligations and restrictions in this Section is a condition of receiving the consideration described in Paragraph 3 of this Agreement.

        14.    **Return of Confidential Company Information.** Each of the Plaintiffs will promptly return without destroying any information, files, or other electronic material of PAFY that is confidential or proprietary and that is (i) stored on any electronic device such as a laptop

computer or iPad, whether or not provided or reimbursed by PAFY, (ii) in paper format, (iii) contained on any audio or video recording and (iv), on any other medium or device containing PAFY's Confidential Information.

15.    **Ongoing Restrictions and Obligations of the Plaintiffs.**    The Plaintiffs acknowledge and understand that the consideration set forth in this Settlement Agreement (including, without limitation, the payments described in Paragraph 3) are expressly conditioned upon the Plaintiffs' strict compliance with the confidentiality and all other provisions of this Settlement Agreement.

16.    **Confidential Nature of Agreement.** The Plaintiffs agree to keep this Settlement Agreement and the provisions of and consideration provided for it strictly confidential, except that they may disclose them, if and as necessary, to their tax advisors and attorneys, to their immediate family members, as required by law or legal process, or in connection with any legal proceeding to enforce this Settlement Agreement.

17.    **Non-Disparagement.** Except as required by law, the Plaintiffs represent and warrant that they have not made, and agree that they will not make (or direct or encourage anyone else to make) any statements in any manner, form, forum or media (including, without limitation, orally or in writing, in, to or via the press, any media, social media or forum, on-line or by e-mail, text message, blog, posting, or otherwise) to any person, entity or third party (including, without limitation, to any current or future employees of PAFY, to the general public, to clients, or to individuals or entities that the Plaintiffs know to be prospective clients of PAFY), which statements in any way (i) disparage or reflect negatively on PAFY, Ms. Gauthier, and/or any of the other Company Releasees and/or (ii) harm or would reasonably be expected or likely to harm PAFY's, Ms. Gauthier's, and/or any of the other PAFY Releasees' reputations, goodwill, businesses, actual or potential business interests, relations, transactions, plans, or dealings. The Plaintiffs also agree that they will not encourage or incite other current or former employees of PAFY to disparage or assert any complaint, claim, or charge, or initiate any legal proceeding, against the PAFY Releasees or Ms. Gauthier.   However, these non-disparagement obligations do not limit the Plaintiffs' ability to truthfully communicate with any governmental agency, whether such communication is initiated by any of the Plaintiffs or in response to inquiries from the government. Nothing in this paragraph, or elsewhere in this Agreement or any other agreement or understanding between the Parties, is intended to prevent or prohibit Plaintiffs from making truthful statements about their experience litigating the Action.

18.    **Defend Trade Secrets Act Notice.** The Plaintiffs are hereby given notice and understand that pursuant to the federal Defend Trade Secrets Act of 2016, they would not be held criminally or civilly liable under any federal or state trade secret law for the disclosure of a trade secret that (i) is made (A) in confidence to a federal, state, or local government official, either directly or indirectly, or to an attorney; and (B) solely for the purpose of reporting or investigating a suspected violation of law; or (ii) is made in a complaint or other document filed in a lawsuit or other proceeding, if such filing is made under seal.

19.    **Protected Disclosures.** Nothing contained in this Settlement Agreement limits the Plaintiffs' ability to file a charge or complaint with any governmental agency, regulatory entity or commission (a "Government Agency"), including without limitation the U.S. Equal Employment

Opportunity Commission ("EEOC") or similar state or local agency, concerning any act or omission that they reasonably believe constitutes a possible violation of federal or state law or to make other disclosures that are protected under the anti-retaliation or whistleblower provisions of applicable federal or state law or regulation. The Plaintiffs further understand that this Settlement Agreement does not limit their ability to communicate with or participate in any investigation or proceeding that may be conducted by a Government Agency, including providing documents or other information, without notice to PAFY. Further, nothing in this Settlement Agreement prevents the Plaintiffs from disclosing information in response to compulsory legal process. If any of the Plaintiffs files any charge or complaint with any Government Agency (including, without limitation, the EEOC or similar state or local agency), she or he waives any right to individualized or monetary relief related to the charge or to any claims pursued by the Government Agency or other third party on their own or on behalf of the Plaintiffs (either individually, or as part of any collective or class action).

20.    **No Admission.** This Settlement Agreement is not intended to be, and shall not be construed or admissible as evidence that PAFY or any of the other Company Releasees has violated any federal, state or local law (statutory or decisional), ordinance or regulation, breached any contract or committed any wrong whatsoever against any of the Plaintiffs, or any other person or entity.

21.    **No Prevailing Parties.** Neither PAFY, Ms. Faniel, or any of the Plaintiffs will be considered prevailing parties in the Litigation for any purpose.

22.    **Severability.** If any provision or portion of (or any provision incorporated by reference in) this Settlement Agreement is held illegal, unenforceable or invalid, such illegality, unenforceability or invalidation shall not affect other provisions or applications of this Settlement Agreement, which can be given effect without the invalid provision or portion or application thereof, and to this end the provisions of this Settlement Agreement are declared to be severable; and each provision and portion (including any provision or portion) held to be illegal, unenforceable or invalid (in whole or in part) by a court of competent jurisdiction shall be subject to "blue-penciling" and interpreted and deemed modified by such court so as to be valid and enforceable to the fullest extent permitted by law and so enforced.

23.    **Successors and Assigns; Third Party Beneficiaries.** This Agreement inures to the benefit of PAFY and their parents, subsidiaries, affiliates, and related entities, and its and their respective successors and assigns. Each of the PAFY Releasees is an intended third party beneficiary of this Settlement Agreement and of all of the Plaintiffs' releases, covenants, obligations and restrictions hereunder, and each PAFY Releasee may enforce the terms hereof and thereof as if it were a party to this Agreement.

24.    **Modification.** This Settlement Agreement may be modified or amended only by a written instrument duly signed by each of the Parties hereto or their respective successors or assigns.

25.    **Controlling Law.** This Settlement Agreement shall be construed in accordance with and governed by the laws of the State of Connecticut, without regard to principles of conflict of laws.

26.    <u>Acceptance of Agreement; Effective Date.</u>

b.    **Due Date to Sign and Accept.**  In order to accept this Settlement Agreement and be eligible to receive the payments and promises described herein, each of the Plaintiffs must sign, date and return this Agreement to Lori Alexander, Esquire by email at <u>lalexander@littler.com</u> *and* by first-class mail at Littler Mendelson, P.C., 265 Church Street, Suite 300, New Haven, CT  06510 by the close of business 21 days from the date of receipt of the Settlement Agreement.

This Settlement Agreement shall be null and void and have no force and effect (and PAFY and Ms. Gauthier shall have no obligations hereunder) unless the Agreement is timely executed by each of Ms. Faniel and the Plaintiffs and their counsel, or unless such untimeliness is waived by both PAFY and Ms. Gauthier.

c.    **Effective Date.**  If this Settlement Agreement is timely accepted by Ms. Faniel and each of the Plaintiffs and their counsel (as described above), this Settlement Agreement shall become effective the day after the last person signs the Agreement and it is approved by the Court (the "Effective Date").

27.    **Counterparts.**  This Settlement Agreement may be executed in any number of counterparts, each of which when so executed and delivered shall be deemed to be an original, but all of which taken together shall be considered one and the same document.  This Settlement Agreement may be executed by scanned .pdf copy transmitted by e-mail, and/or by e-signatures, and such .pdf copy of a signature shall be deemed an original.

28.    **Damages for Breach by Any of the Plaintiffs.**  If any of the Plaintiffs breach any of the material obligations in this Settlement Agreement, in addition to any other legal or equitable remedies PAFY and Ms. Gauthier may have for such breach, PAFY and Ms. Gauthier shall have the right to terminate all future payments under the Settlement Agreement, and they may recoup damages suffered as a result of such breach, to the extent permitted by applicable law.  In such an event, Ms. Gauthier and/or PAFY shall also be entitled to reimbursement from the non-prevailing party of attorneys' fees and costs incurred in pursuing any successful legal claims for legal or equitable relief for  breach of the Settlement Agreement by any Plaintiff.  The termination of such payments in the event of any of the Plaintiffs' breaches will not affect the release of claims by them contained in this Agreement.

29.    **Arbitration.**  The Parties agree that any disputes concerning alleged violations of this Agreement will be resolved by arbitration under the procedures outlined by the American Arbitration Association ("AAA").  The arbitration will be pursuant to the Federal Arbitration Act and the National Rules for the Resolution of Employment Disputes, as published by the AAA, will govern the proceedings.  Each party to the arbitration will be solely responsible for his, her, or its own attorneys' fees and expenses.

30.    **Acknowledgment.**  The Plaintiffs acknowledge that they assume the risk for any mistake of fact known or unknown.  In addition, the Plaintiffs acknowledge that by this Settlement Agreement, they are releasing only claims that arose before this Agreement is executed and finally approved by the Court.  The Parties further acknowledge that the waiver and release above is the

joint effort of the Parties through negotiation and thus any ambiguity, uncertainty, or vagueness in construction of the waiver and release will not be attributed to any party, and the theory of construction that a document should be construed against the drafting party is waived and will not be applied in construing this Settlement Agreement. Finally, the Plaintiffs agree that the settlement payments they will receive pursuant to this Settlement Agreement are sufficient consideration for the release of claims released under this Agreement.

      31.    **Entire Agreement.** Except as otherwise expressly provided in this Settlement Agreement, this Settlement Agreement constitutes and contains the complete understanding of the Parties with respect to the subject matter hereof and supersedes and replaces all prior negotiations and all agreements, whether written or oral, concerning such subject matter.

      32.    **Knowing and Voluntary Waiver and Agreement.** By their signatures below, the Plaintiffs represent and warrant that (i) they have been given at least 21 days to review and consider this Settlement Agreement; (ii) they have read and reviewed this Settlement Agreement thoroughly and fully understand its terms and conditions and their significance and have discussed them with their independent legal counsel, or have had a reasonable opportunity to have done so; and (iii) they agree to all the terms and conditions of this Settlement Agreement and are signing the Settlement Agreement voluntarily and of their own free will, with the full understanding of its terms, conditions and legal consequences, and with the intent to be bound hereby.

      33.    **Execution by Plaintiffs and Their Counsel.** This Settlement Agreement is contingent upon approval and signature by the Plaintiffs and their counsel. It is also contingent upon approval by the United States District Court where the Litigation is current pending.

      **BY SIGNING THIS AGREEMENT, THE SIGNATORIES BELOW ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND ARE VOLUNTARILY ENTERING INTO IT OF THEIR OWN FREE WILL, WITHOUT DURESS OR COERCION, AND AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS. MS. FANIEL AND ALL THE PLAINTIFFS ARE ADVISED TO SPEAK WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT.**

**IN WITNESS WHEREOF**, the parties to this Settlement Agreement, Release, and Confidentiality Agreement, intending to be legally bound, have executed it on the date(s) indicated below.

*Lydia Faniel*
Lydia Faniel (Sep 13, 2022 17:46 EDT)
_____
**Lydia Faniel**

Date: Sep 13, 2022 _____

_____
**Esi Blankson**

Date: _____

_____
**Cherolle Brown**

Date: _____

_____
**Veronica Cubagee**

Date: _____

_____
**Hazel Graveney**

Date: _____

_____
**Yvonne Otchere-Amponsah,
a/k/a Yvonne Orchere**

Date: _____

_____
**Andrea Watson**

Date: _____

_____
**Renee Williams**

Date: _____

**Law Office of Nitor Egbarin**
By: *nitor v. egbarin*
_____
Name:  Nitor Egbarin

Date: 9/13/2022 _____

**The Hayber Law Firm**
By: _____
Name:  Richard Hayber

Date: _____

# Final Signed Agree. by S. Gauthier - Payment Dates Rev. 4856-0905-3747 1

Final Audit Report                                                                    2022-09-13

| | |
|---|---|
| Created: | 2022-09-13 |
| By: | Nitor Egbarin (NEgbarin@aol.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAtklcmgvzNAk0Fc5bqvq47xpLzP1DGqOA |

## "Final Signed Agree. by S. Gauthier - Payment Dates Rev. 4856-0905-3747 1" History

🔴 Document created by Nitor Egbarin (NEgbarin@aol.com)
   2022-09-13 - 8:21:31 PM GMT- IP address: 73.186.121.191

📧 Document emailed to lydiaforte@yahoo.com for signature
   2022-09-13 - 8:22:24 PM GMT

🔴 Email viewed by lydiaforte@yahoo.com
   2022-09-13 - 8:50:19 PM GMT- IP address: 209.73.183.25

✍ Signer lydiaforte@yahoo.com entered name at signing as Lydia Faniel
   2022-09-13 - 9:46:56 PM GMT- IP address: 172.58.4.177

✍ Document e-signed by Lydia Faniel (lydiaforte@yahoo.com)
   Signature Date: 2022-09-13 - 9:46:58 PM GMT - Time Source: server- IP address: 172.58.4.177

✅ Agreement completed.
   2022-09-13 - 9:46:58 PM GMT

**IN WITNESS WHEREOF**, the parties to this Settlement Agreement, Release, and Confidentiality Agreement, intending to be legally bound, have executed it on the date(s) indicated below.

_____     Date: _____
Lydia Faniel

_Esi Blankson_
Esi Blankson (Sep 13, 2022 17:27 EDT)     Sep 13, 2022
_____     Date: _____
Esi Blankson

_____     Date: _____
Cherolle Brown

_____     Date: _____
Veronica Cubagee

_____     Date: _____
Hazel Graveney

_____     Date: _____
Yvonne Otchere-Amponsah,
a/k/a Yvonne Orchere

_____     Date: _____
Andrea Watson

_____     Date: _____
Renee Williams

Law Office of Nitor Egbarin
By: _nitor v. egbarin_     Date: 9/13/2022
Name: Nitor Egbarin

The Hayber Law Firm
By: _____     Date: _____
Name: Richard Hayber

Page 12 of 17

# Final Signed Agree. by S. Gauthier - Payment Dates Rev. 4856-0905-3747 1

Final Audit Report                                        2022-09-13

| | |
|---|---|
| Created: | 2022-09-13 |
| By: | Nitor Egbarin (NEgbarin@aol.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAy0ChE6F3DSkVgp6RmUR3JG3z2pVeoyhy |

## "Final Signed Agree. by S. Gauthier - Payment Dates Rev. 4856-0905-3747 1" History

🔴 Document created by Nitor Egbarin (NEgbarin@aol.com)
2022-09-13 - 8:23:52 PM GMT- IP address: 73.186.121.191

📧 Document emailed to esiblankson08@gmail.com for signature
2022-09-13 - 8:24:43 PM GMT

🔴 Email viewed by esiblankson08@gmail.com
2022-09-13 - 8:24:48 PM GMT- IP address: 66.102.8.165

✍ Signer esiblankson08@gmail.com entered name at signing as Esi Blankson
2022-09-13 - 9:27:20 PM GMT- IP address: 69.119.185.10

✍ Document e-signed by Esi Blankson (esiblankson08@gmail.com)
Signature Date: 2022-09-13 - 9:27:21 PM GMT - Time Source: server- IP address: 69.119.185.10

✅ Agreement completed.
2022-09-13 - 9:27:21 PM GMT

**Adobe Acrobat Sign**

**IN WITNESS WHEREOF,** the parties to this Settlement Agreement, Release, and Confidentiality Agreement, intending to be legally bound, have executed it on the date(s) indicated below.

_____     Date: _____
**Lydia Faniel**

_____     Date: _____
**Esi Blankson**

_____     Date: _____
**Cherolle Brown**

_____           Sep 13, 2022
Veronica Cubagee (Sep 13, 2022 17:03 EDT)    Date: _____
**Veronica Cubagee**

_____     Date: _____
**Hazel Graveney**

_____     Date: _____
**Yvonne Otchere-Amponsah,
a/k/a Yvonne Orchere**

_____     Date: _____
**Andrea Watson**

_____     Date: _____
**Renee Williams**


**Law Office of Nitor Egbarin**             9/13/2022
By: _nitor v. egbarin_          Date: _____
Name:  Nitor Egbarin


**The Hayber Law Firm**
By: _____     Date: _____
Name:  Richard Hayber

# Final Signed Agree. by S. Gauthier - Payment Dates Rev. 4856-0905-3747 1

Final Audit Report                                                        2022-09-13

| | |
|---|---|
| Created: | 2022-09-13 |
| By: | Nitor Egbarin (NEgbarin@aol.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAA5SSg4IQq8wacRCT_u5s8zOWBqd-6xHby |

## "Final Signed Agree. by S. Gauthier - Payment Dates Rev. 4856 -0905-3747 1" History

Document created by Nitor Egbarin (NEgbarin@aol.com)
2022-09-13 - 8:43:07 PM GMT- IP address: 73.186.121.191

Document emailed to veronica.cubagee@gmail.com for signature
2022-09-13 - 8:44:15 PM GMT

Email viewed by veronica.cubagee@gmail.com
2022-09-13 - 8:52:29 PM GMT- IP address: 104.28.39.154

Signer veronica.cubagee@gmail.com entered name at signing as Veronica Cubagee
2022-09-13 - 9:03:35 PM GMT- IP address: 66.168.119.124

Document e-signed by Veronica Cubagee (veronica.cubagee@gmail.com)
Signature Date: 2022-09-13 - 9:03:37 PM GMT - Time Source: server- IP address: 66.168.119.124

Agreement completed.
2022-09-13 - 9:03:37 PM GMT

Adobe Acrobat Sign

**IN WITNESS WHEREOF**, the parties to this Settlement Agreement, Release, and Confidentiality Agreement, intending to be legally bound, have executed it on the date(s) indicated below.

_____          Date: _____
Lydia Faniel


_____          Date: _____
Esi Blankson


_____          Date: _____
Cherolle Brown


_____          Date: _____
Veronica Cubagee

                                          Sep 15, 2022
_____          Date: _____
Hazel Graveney (Sep 15, 2022 10:46 CDT)
Hazel Graveney


_____          Date: _____
Yvonne Otchere-Amponsah,
a/k/a Yvonne Orchere


_____          Date: _____
Andrea Watson


_____          Date: _____
Renee Williams


**Law Office of Nitor Egbarin**                 9/13/2022
By: _nitor v. egbarin_____            Date:_____
Name:  Nitor Egbarin


**The Hayber Law Firm**
By: _____            Date: _____
Name:  Richard Hayber

# Final Signed Agree. by S. Gauthier - Payment Dates Rev. 4856-0905-3747 1

Final Audit Report                                                                    2022-09-15

| | |
|---|---|
| Created: | 2022-09-14 |
| By: | Nitor Egbarin (NEgbarin@aol.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAyXwCWI_EXzHjX_SsZZAZ0Fj_5rQGPG-4 |

## "Final Signed Agree. by S. Gauthier - Payment Dates Rev. 4856-0905-3747 1" History

📄 Document created by Nitor Egbarin (NEgbarin@aol.com)
  2022-09-14 - 6:58:24 PM GMT- IP address: 73.186.121.191

📧 Document emailed to desarieball@gmail.com for signature
  2022-09-14 - 6:58:55 PM GMT

📄 Email viewed by desarieball@gmail.com
  2022-09-14 - 7:14:32 PM GMT- IP address: 172.225.216.123

✒ Signer desarieball@gmail.com entered name at signing as Hazel Graveney
  2022-09-15 - 3:46:01 PM GMT- IP address: 167.248.85.122

✒ Document e-signed by Hazel Graveney (desarieball@gmail.com)
  Signature Date: 2022-09-15 - 3:46:02 PM GMT - Time Source: server- IP address: 167.248.85.122

✅ Agreement completed.
  2022-09-15 - 3:46:02 PM GMT

**Adobe Acrobat Sign**

**IN WITNESS WHEREOF**, the parties to this Settlement Agreement, Release, and Confidentiality Agreement, intending to be legally bound, have executed it on the date(s) indicated below.

_____     Date: _____
**Lydia Faniel**


_____     Date: _____
**Esi Blankson**


_____     Date: _____
**Cherolle Brown**


_____     Date: _____
**Veronica Cubagee**


_____     Date: _____
**Hazel Graveney**

                                         Sep 14, 2022
Yvonne Otchere Amponsah (Sep 14, 2022 21:19 EDT)
_____     Date: _____
**Yvonne Otchere-Amponsah,**
**a/k/a Yvonne Orchere**


_____     Date: _____
**Andrea Watson**


_____     Date: _____
**Renee Williams**


**Law Office of Nitor Egbarin**          9/13/2022
By: _____          Date: _____
Name: Nitor Egbarin


**The Hayber Law Firm**
By: _____          Date: _____
Name: Richard Hayber

# Final Signed Agree. by S. Gauthier - Payment Dates Rev. 4856-0905-3747 1

Final Audit Report                                                    2022-09-15

| | |
|---|---|
| Created: | 2022-09-15 |
| By: | Nitor Egbarin (NEgbarin@aol.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAQk39LUDy9VXSuzFu6H7RfPRb1jGjUyQ3 |

## "Final Signed Agree. by S. Gauthier - Payment Dates Rev. 4856-0905-3747 1" History

📄 Document created by Nitor Egbarin (NEgbarin@aol.com)
2022-09-15 - 1:00:25 AM GMT- IP address: 73.186.121.191

📧 Document emailed to glamourtrendct@gmail.com for signature
2022-09-15 - 1:01:02 AM GMT

📄 Email viewed by glamourtrendct@gmail.com
2022-09-15 - 1:01:18 AM GMT- IP address: 66.102.8.162

✍ Signer glamourtrendct@gmail.com entered name at signing as Yvonne Otchere Amponsah
2022-09-15 - 1:19:26 AM GMT- IP address: 32.210.233.100

✍ Document e-signed by Yvonne Otchere Amponsah (glamourtrendct@gmail.com)
Signature Date: 2022-09-15 - 1:19:27 AM GMT - Time Source: server- IP address: 32.210.233.100

✅ Agreement completed.
2022-09-15 - 1:19:27 AM GMT

**Adobe Acrobat Sign**

**IN WITNESS WHEREOF,** the parties to this Settlement Agreement, Release, and Confidentiality Agreement, intending to be legally bound, have executed it on the date(s) indicated below.

_____         Date: _____

**Lydia Faniel**

_____         Date: _____

**Esi Blankson**

_____         Date: _____

**Cherolle Brown**

_____         Date: _____

**Veronica Cubagee**

_____         Date: _____

**Hazel Graveney**

_____         Date: _____

**Yvonne Otchere-Amponsah,
a/k/a Yvonne Orchere**

*Andrea Watson*
Andrea Watson (Sep 14, 2022 20:37 EDT)         Sep 14, 2022
_____         Date: _____

**Andrea Watson**

_____         Date: _____

**Renee Williams**

**Law Office of Nitor Egbarin**
By: *nitor v. egbarin*                           9/13/2022
Name:  Nitor Egbarin                             Date: _____

**The Hayber Law Firm**
By: _____         Date: _____
Name:  Richard Hayber

# Final Signed Agree. by S. Gauthier - Payment Dates Rev. 4856-0905-3747 1

Final Audit Report                                                                2022-09-15

| | |
|---|---|
| Created: | 2022-09-13 |
| By: | Nitor Egbarin (NEgbarin@aol.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAgTgHp7eRE2JMeF_s1QT4oDJdyj46Tmpj |

## "Final Signed Agree. by S. Gauthier - Payment Dates Rev. 4856-0905-3747 1" History

📄 Document created by Nitor Egbarin (NEgbarin@aol.com)
2022-09-13 - 8:33:00 PM GMT- IP address: 73.186.121.191

📧 Document emailed to andreawatson1967@gmail.com for signature
2022-09-13 - 8:33:37 PM GMT

📄 Email viewed by andreawatson1967@gmail.com
2022-09-13 - 9:12:44 PM GMT- IP address: 104.28.55.245

🖋 Signer andreawatson1967@gmail.com entered name at signing as Andrea Watson
2022-09-15 - 0:37:41 AM GMT- IP address: 174.242.136.50

🖋 Document e-signed by Andrea Watson (andreawatson1967@gmail.com)
Signature Date: 2022-09-15 - 0:37:42 AM GMT - Time Source: server- IP address: 174.242.136.50

✅ Agreement completed.
2022-09-15 - 0:37:42 AM GMT

**IN WITNESS WHEREOF**, the parties to this Settlement Agreement, Release, and Confidentiality Agreement, intending to be legally bound, have executed it on the date(s) indicated below.

_____  Date: _____

Lydia Faniel


_____  Date: _____

Esi Blankson


_____  Date: _____

Cherolle Brown


_____  Date: _____

Veronica Cubagee


_____  Date: _____

Hazel Graveney


_____  Date: _____

Yvonne Otchere-Amponsah,
a/k/a Yvonne Orchere


_____  Date: _____

Andrea Watson

                                 Sep 14, 2022
_____
Renee Williams (Sep 14, 2022 09:26 EDT)  Date: _____

Renee Williams


**Law Office of Nitor Egbarin**      9/13/2022
By: _nitor v. egbarin__        Date:_____

Name: Nitor Egbarin


**The Hayber Law Firm**
By: _____     Date: _____

Name: Richard Hayber

# Final Signed Agree. by S. Gauthier - Payment Dates Rev. 4856-0905-3747 1

Final Audit Report                                                                    2022-09-14

| | |
|---|---|
| Created: | 2022-09-13 |
| By: | Nitor Egbarin (NEgbarin@aol.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAdpM3yYBcN5T6bLM2YYZ4lZ7XjL6zaKZt |

## "Final Signed Agree. by S. Gauthier - Payment Dates Rev. 4856-0905-3747 1" History

📄 Document created by Nitor Egbarin (NEgbarin@aol.com)
  2022-09-13 - 8:34:43 PM GMT- IP address: 73.186.121.191

📧 Document emailed to jadagieannabanna@gmail.com for signature
  2022-09-13 - 8:35:16 PM GMT

📄 Email viewed by jadagieannabanna@gmail.com
  2022-09-14 - 1:23:58 PM GMT- IP address: 66.102.8.175

✍ Signer jadagieannabanna@gmail.com entered name at signing as Renee Williams
  2022-09-14 - 1:26:22 PM GMT- IP address: 172.56.23.121

✍ Document e-signed by Renee Williams (jadagieannabanna@gmail.com)
  Signature Date: 2022-09-14 - 1:26:23 PM GMT - Time Source: server- IP address: 172.56.23.121

✅ Agreement completed.
  2022-09-14 - 1:26:23 PM GMT

Adobe Acrobat Sign

**Patient Advocate for You**
By: _____    Date: 9/6/2022 _____
Name:  Sharon Gauthier


**Sharon Gauthier, Individually**
By: _____    Date: _____ / /2022 _____

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| Lydia Faniel, et al., | : | |
|---|---|---|
| | : | CIVIL ACTION NO.: |
| | : | 3:20-cv-00387 (VLB) |
| **Plaintiffs** | : | |
| | : | |
| V. | : | |
| | : | |
| | : | _____, 2022 |
| PAFY, Inc. and Sharon Gauthier, | : | |
| | : | |
| **Defendants.** | : | |

## STIPULATION FOR ORDER OF DISMISSAL WITH PREJUDICE

Pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure, the Plaintiffs, with the consent and agreement of Defendants PAFY, Inc. and Sharon Gauthier ("Defendants"), hereby stipulate to dismissal of the present action, with prejudice.  This Stipulation may be filed without further notice with the Clerk of the Court.

In support of this Stipulation, the parties state as follows:

1.    Pursuant to the Court's Scheduling Order dated April 14, 2021, the deadline for filing any motion to conditionally certify the FLSA collective claims in this case was due on June 2, 2021.  The original named plaintiff, Lyndia Faniel, did not file such a motion.

2.    Following negotiations over several months, the parties reached a resolution of this matter. Both parties have been represented by legal counsel throughout these proceedings.

3.    The Court has reviewed and approved the parties' Settlement Agreement, Release, and Confidentiality Agreement by its Order of

_____, and this matter is being withdrawn and dismissal requested pursuant to that Agreement.

4.    All parties consent to this motion.


PLAINTIFFS,                         DEFENDANTS,

Lydia Faniel, et al.                PAFY, Inc. and Sharon Gauthier


By: */s/ Nitor Egbarin*_____      By:    */s/ Lori B. Alexander*____
    Nitor V. Egbarin (CT05114)             Lori B. Alexander (CT08970)
    Law Office of Nitor Egbarin            Littler Mendelson, P.C.
    100 Pearl Street                       265 Church Street, Suite 300
    14th Floor                             New Haven, CT 06510
    Hartford, CT  06103-3007               Tel.: (203) 974-8701
    Tel. (860) 249-7180                    Fax: (203) 907-1891
    Fax: (860) 408-1471                    lalexander@littler.com
    Nitor@Egbarin.com

CERTIFICATE OF SERVICE

I hereby certify that on August ___, 2022, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

By:    /s/ Lori B. Alexander _____
       Lori B. Alexander (CT08970)